UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



*******************************************************************************

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 01-30081 |
| | * | |
| Plaintiff, | * | |
| | * | ORDER DENYING |
| -vs- | * | MOTION FOR |
| | * | RETURN OF PROPERY |
| JAMES EDWARD THORNBERG, | * | |
| | * | |
| Defendant. | * | |
| | * | |

*******************************************************************************

Defendant pleaded guilty to wire fraud and money laundering. I sentenced him on April 29, 2002, to a total sentence of 96 months imprisonment. He has filed a motion for the return of property found in his possession when he was arrested in this case on January 22, 2002. The government resists the motion.

### BACKGROUND

Defendant had previously been convicted of mail fraud and was sentenced in 1986 to eight years custody by the Honorable Paul Magnuson, United States District Judge for the District of Minnesota. His crime arose out of creating businesses, running up debts, and then filing for bankruptcy. He was paroled on November 27, 1989, after serving approximately 32 months.

Beginning in 1998, defendant, using a different name, incorporated a business which was purported to manufacture 100% ethanol powered vehicles. Defendant prepared and sent to various farming publications false and fictitious press releases. He also prepared false and fictitious color brochures, specifications sheets and invoices describing in detail the vehicles. Customers were induced to send down payments for the vehicles to a post office box or by wire to a bank in California. The vehicles were never produced nor was there ever any intention to produce the vehicles. At sentencing I determined that the defendant had defrauded customers

and creditors out of over $5 million with no explanation as to where that money went. He was alleged to have used at least twenty aliases in various schemes.

On August 3, 2003, he escaped from the Federal Prison Camp at Duluth, Minnesota where he was housed by the Federal Bureau of Prisons. He was not found until March 1, 2010, when he was arrested in Costa Mesa, California, a Southern suburb of Los Angeles.

At the trial on the escape charge there was evidence that, while living in California, he purchased a birth certificate from a man named Frederick Barlow, obtained a passport, driver's license with his picture, and a credit card, all such documents under the alias Frederick Barlow. Defendant established corporations and a corporate bank account while a fugitive and even traveled to China three times. He had advertised on Ebay to sell grain-sifting machinery.

Petitioner was convicted of escape and sentenced by the Honorable Ann Montgomery, United States District Judge for the District of Minnesota, to 30 months custody, consecutive to the sentence I imposed on the underlying charge. He is currently serving his sentence at the Federal Correctional Institution in Lompoc, California, with a projected release date in September 2017.

## DECISION

Fed. R. Crim. P. 41(g) "authorizes a person whose property is seized by the government to petition the district court for its return." Jackson v. United States, 526 F.3d 394, 396 (8th Cir. 2008) (noting that On December 1, 2002, Rule 41(e) was redesignated Rule 41(g) without substantive changes). "[A] person from whom property is seized is presumed to have a right to its return." *Id. See also* Cooper v. City of Greenwood, Mississippi, 904 F.2d 302, 304 (5th Cir. 1990) (quoting United States v. Farrell, 606 F.2d 1341, 1343 (D.C. Cir. 1979) (quoting in turn United States v. La Fatch, 565 F.2d 81, 83 (6th Cir. 1977))) ("The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.").

Defendant seeks return of clothing and personal items. The government states that such items were returned to the co-defendant at defendant's request prior to his sentencing hearing.

Defendant seeks return of a booklet of "work samples" that include brochures, sample letters, press releases, and photographs of defendant's seed cleaner, grain cleaner and other

machinery. Defendant also seeks return of a ring-binder containing insurance claim information arising out of a 1999 robbery of items belonging to the corporation defendant used to defraud investors in this case. The government contends that any evidentiary materials taken from his car at the time of his 2002 arrest were maintained by the FBI for a period of time but, since he had absconded and could not be contacted about his property, it was destroyed. Defendant, by his voluntary absence, abandoned the property seized from him. The government cannot be required to hold papers indefinitely until an escaped prisoner may be found.

The U.S. Attorney's Office kept a copy of the paper items that had been destroyed but resists providing those copies to defendant on the basis that the material could be used by the defendant in future business scams. Defendant requests the Court review the materials to determine what items should or should not be returned to the defendant.

A Rule 41(g) motion is properly denied if the property is contraband. Jackson v. United States, 526 F.3d at 397. "Contraband per se is property the mere possession of which is unlawful. Derivative contraband [is property that] may be lawfully possessed but which became forfeitable because of unlawful use." United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000) (*quoting* United States v. Eighty–Eight Thousand, Five Hundred Dollars, 671 F.2d 293, 297 n. 8 and 9 (8th Cir. 1982)).

I have reviewed the copies of the materials that are consistent with defendant's claimed binder of "work samples," that including copies of brochures, sample letters, press releases, and photographs of defendant's seed cleaner, grain cleaner and other machinery. The copies include papers with the letterhead of defendant's fraudulent corporations as well as his aliases. They include marketing materials for the very items defendant was convicted of fraudulently marketing. This material is derivative contraband in that it contains materials used in defendant's fraudulent schemes or materials that will assist defendant in preparing marketing materials for future schemes.

The copies provided the U.S. Attorney include barely legible copies of a U.S. passport bearing defendant's name and likeness and a U.S. passport bearing another's name, as well as copies of driver's licenses issued in Minnesota, California, and Colorado bearing defendant's name as well as another's name. Although the passports and driver's licenses have expired,

3

those copies could be used to fashion fraudulent identity documents. Defendant used false and fraudulent documents, including a false passport, to evade capture for nearly seven years. Copies of U.S. passports and driver's licenses, even his own, are derivative contraband which defendant could use, consistent with his past criminal behavior, to create false identity documents.

The materials seized from defendant's vehicle also included a copy of an application for food stamps and other aid from the State of Minnesota dated October 2001, shortly before defendant's arrest. In that application, defendant failed to account for any monies he received as a result of his fraudulent activities. He is not entitled to a copy of a document containing false or fraudulent information.

Finally, the materials provided contain copies of credit or bank card activity for persons other than the defendant. He is not entitled to those copies.

Rule 41(g) mandates that a hearing be held on any factual issue necessary to decide the motion. Defendant does not contest that the personal property was turned over to his co-defendant as requested. Defendant does not, and cannot, contend that the government improperly disposed of the original papers seized from him while he was on escape status. Copies of the actual documents seized were filed under seal and I have reviewed those. There are no factual issues necessary to decide the motion for return of property.

I find that all the copies retained by the U.S. Attorney's Office of documents seized from defendant at the time of his arrest constitute derivative contraband which the defendant is not entitled to receive.

Now, therefore,

IT IS ORDERED that the defendant's motion, Doc. 74, for return of property is denied.

Dated this 3rd day of July, 2013.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                    DEPUTY

4